# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

ANDRE' S. MYERS,

      Plaintiff,

                                          Civil Action 2:19-cv-03523
                                          Judge George C. Smith

      v.                                      Chief Magistrate Judge Elizabeth P. Deavers

MS. LEASURE, *et al.*,

      Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, a state inmate proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, alleging that Defendants, Ms. Leasure, Mr. Bond, and Mr. Cobb, violated his First Amendment rights by retaliating against him for using the prison grievance process.  (*See* Plt's Compl., ECF No. 1.)  Plaintiff claims that he was found guilty of two false conduct reports and was transferred to a different prison unit.  (*Id.*)  This matter is before the Court for an initial screen of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  The screening procedures established by § 1915 apply to complaints filed by prisoners against governmental entities, officials, or employees regardless of whether the plaintiff has paid the filing fee, as Plaintiff has done so in this case, or is proceeding *in forma pauperis*.  *See* 28 U.S.C. § 1915A(a); *Hyland v. Clinton*, 3 F. App'x 478, 479 (6th Cir. 2011); *Bell v. Rowe*, No. 97-4417, 1999 WL 196531, at *1 (6th Cir. 1999) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997)); *Suber v. Maus*, No. 1:18-cv-143, 2018 WL 1473400, at *1 (S.D. Ohio March 26, 2018).  For the following reasons, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety.

## II.

Congress enacted 28 U.S.C. §§ 1915(e) and 1915A, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*        \*        \*
>
>     (B) the action or appeal--
>
>         (i) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31; *see also* 28 U.S.C. § 1915A (requiring the Court to screen a prisoner's complaint "as soon as practicable" and dismiss any portion of the complaint if it is frivolous, malicious, or fails to state a claim). Thus, §§ 1915(e) and 1915A require *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

---

[1] Formerly 28 U.S.C. § 1915(d).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Rule 8(a) of the Federal Rules of Civil Procedure. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. § 1915(e)(2)(B)(ii)). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). Additionally, the Court must construe *pro se* complaints liberally. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 677.

# III.

Plaintiff alleges that the Unit Manager's "engineering" of a false conduct report in retaliation for filing prison grievances violated his First Amendment rights and Defendants collectively conspired to infringe upon his First Amendment right of petition for redress of grievances. (Plt's Compl., ECF No. 1 at PAGEID # 10–11.) Plaintiff specifically alleges the following regarding Defendants:

> Ms. Leasure:
>
> Ms. Leasure is negligent in supervising her officers, as officer Worstell of unit D-1 is not the only officer under Ms. Leasure's supervision who is encouraged to act in an unprofessional manner. Officer Harriman of unit D-2 while under the supervision of Ms. Leasure demonstrated a proclivity for retaliatory and demeaning acts towards inmates. . . . Ms. Leasure became bellicose in manner and displayed contempt towards the plaintiff when he asked that she reconsider the Conduct Report Findings. . . .
>
> . . . [Plaintiff] entered [Ms. Leasure's] office on two occasions (1) to acquire permission to purchase a flat TV, and (2) to maintain possession of his current metal TV stand as a work incentive.
>
> [Ms. Leasure] advised that if the plaintiff had any problems with the purchase of the flat TV to tell the commissary to contact her office. As for the work incentive proposal to allow the plaintiff to maintain possession of his metal TV stand, Ms. Leasure advised that Plaintiff explain the proposal to Sgt. Bond and "he should allow it".

(*Id.* at PAGEID # 5–6.)

> Mr. Bond:
>
> . . . Sgt. Bond found the plaintiff GUILTY of two (2) FALSE CONDUCT REPORTS written by Ofc. Harriman.
>
> . . .
>
> In following Ms. Leasure's instructions, Sergeant Bond granted the work incentive proposal. The plaintiff therefore maintained possession of the metal TV stand until 2-11-19.

(*Id.*)

> Mr. Cobb:
>
> On 2-11-19 Officer Cobb charged the plaintiff with LYING about having permission to possess a metal TV stand while owning a flat TV, and DISRESPECT TO STAFF.

(*Id.* at PAGEID # 6.)

Plaintiff further alleges that on January 17, 2019 he filed a grievance raising Ms. Leasure's "nonfeasance due to a particular security officer's frequent unprofessional acts." (*Id.*) As noted above, Plaintiff maintains that on February 11, 2019, he lost possession of the metal TV stand. (*Id.*) He further alleges that on that same day he "was handcuffed, and confined to keeplock until shift change due to Ofc. Cobb's false allegations made to the shift command officer." (*Id.*) Plaintiff next alleges that on February 13, 2019 he filed a grievance regarding this incident. (*Id.*) Plaintiff represents that Ms. Leasure responded to the grievance indicating that she had instructed Mr. Cobb to take away the TV stand "because the plaintiff was untruthful about having permission to possess the TV stand." (*Id.* at PAGEID # 7.) On February 17, 2019, Plaintiff contends that he filed a grievance regarding Ms. Leasure's "retaliatory animus in misadvising Ofc. Cobb[.]" (*Id.*)

According to Plaintiff, on February 12, 2019, Mr. Bond found him guilty of the "false conduct reports," spurring Plaintiff to file a grievance on March 13, 2019 against Mr. Bond for Mr. Bond's threat of transferring Plaintiff to C-unit "and for his failure to act as an impartial arbitrator during the HEARING[.]" (*Id.*) Plaintiff indicates that on March 21, 2019 he was transferred to C-unit which was a "retaliatory act" that was "designed to chill any D-unit inmate of ordinary firmness from continuing to file grievances against unit staff." (*Id.*) Plaintiff alleges that he filed a grievance on March 23, 2019 against Ms. Leasure regarding the transfer. (*Id.*) Plaintiff next alleges that on April 30, 2019, the Administrative Assistant to the Warden overturned the "false conduct report" written by Mr. Cobb "due to the Administrative Due Process Rule Violation[.]"

(*Id.*)  Plaintiff contends that Ms. Leasure, Mr. Bond, and Mr. Cobb "conspired to concoct FALSE

CHARGES in retaliation for plaintiff's grievance filing activity."  (*Id.* at PAGEID # 8.)

**IV.**

In order to state a First Amendment retaliation claim, Plaintiff must plead each of the

following elements:

> (1) the plaintiff engaged in protected conduct; (2) and adverse action was taken
> against the plaintiff that would deter a person of ordinary firmness from continuing
> to engage in that conduct; and (3) there is a causal connection between elements
> one and two—that is, the adverse action was motivated at least in part by the
> plaintiff's protected conduct.

*Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (quoting *Thaddeus-X v. Blatter*, 175

F.3d 378, 394 (6th Cir. 2000)).

As to the adverse action element, courts recognize that, "since there is no justification for

harassing people for exercising their constitutional rights [the effect on freedom of speech] need

not be great in order to be actionable." *Mezibov v. Allen*, 411 F.3d 712, 721 (6th Cir. 2005)

(quoting *Thaddeus-X* at 397 and *Bart v. Telford,* 677 F.2d 622, 625 (7th Cir. 1982)).

"Nevertheless, since § 1983 is a tort statute, we must be careful to ensure that real injury is

involved, lest we 'trivialize the First Amendment' by sanctioning a retaliation claim even if it is

unlikely that the exercise of First Amendment rights was actually deterred." *Mezibov*, 411 F.3d

at 721 (quoting *Thaddeus-X*, 175 F.3d at 397 and *Bart*, 677 F.2d at 625).

"A First Amendment claim can be based on a false conduct report issued in retaliation for

a grievance."  *Hill v. Henderson*, No. 3:17-cv-825, 2017 WL 4182308, at *4 (N.D. Ohio Sept.

21, 2017) (citing *Thomas v. Eby*, 481 F.3d 434, 440–42 (6th Cir. 2007) & *Scott v. Churchill*, 377

F.3d 565, 570–71 (6th Cir. 2004)).  Furthermore, Plaintiff's filing of a prison grievance is

constitutionally protected conduct for which he cannot be subjected to retaliation.  *Smith v.*

*Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). Grievances, however, only qualify as protected conduct under the First Amendment if they are not frivolous. *Henderson*, 2017 WL 4182308 at *4 (citing *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) & *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)). Because the Undersigned cannot determine—based on this record—that Plaintiff's allegations of harassment were frivolous, or that his grievances alleging such harassment played no role in Defendants' issuing false conduct reports, as well as transferring him to another unit in the prison, Plaintiff meets the first element of a First Amendment retaliation claim.

As to adverse action, the United States Court of Appeals for the Sixth Circuit has held that "not every objectionable act directed at a prisoner constitutes adverse action sufficient to deter a person of ordinary firmness from engaging in protected activities." *Reynolds–Bey v. Harris*, 428 F. App'x. 493, 503 (6th Cir. 2011). The Undersigned concludes that the conduct reports and inter-prison unit transfer would not "deter a person of ordinary firmness" from filing grievances. *See Hairston v. Fultz*, No. 2:18-cv-1253, 2019 WL 1933936, at *3 (S.D. Ohio May 1, 2019), *report and recommendation adopted*, No. 2:18-cv-1253, 2019 WL 2289801 (S.D. Ohio May 29, 2019) (finding that Plaintiff had "failed to allege any facts upon which the Court could rely to conclude that his transfer [to another prison] constituted an adverse action for purposes of a First Amendment claim."); *Harris v. Sowers*, No. 2:16-cv-888, 2016 WL 6680918, at *2–3 (S.D. Ohio Nov. 14, 2016), *report and recommendation adopted*, No. 2:16-cv-888, 2016 WL 7337539 (S.D. Ohio Dec. 19, 2016) (finding that even if prison's institutional inspector had provided false information to the correctional institution inspection committee regarding plaintiff's legal mail and legal materials, "any such misrepresentation would not 'deter a person of ordinary firmness' from filing grievance[s].").

As to causation, "[b]ecause the question is whether the adverse action was taken (at least in part) because of the protected conduct, the causation inquiry centers on the defendant's motive." *Thomas*, 481 F.3d at 440 (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)). Here, Plaintiff's claims that Defendants conspired to retaliate against him for filing complaints in the prison grievance system are purely conclusory and, without more, too attenuated to support a retaliation claim. *See Rodriguez v. Uhrig*, No. 2:16-cv-302, 2016 WL 1572871, at *5 (S.D. Ohio April 19, 2016), *report and recommendation adopted*, No. 2:16-cv-302, 2016 WL 4257366 (S.D. Ohio August 11, 2016); *see also Pasha v. Payton*, No. 18-595, 2019 WL 440573, at *9 (E.D. Ky. Feb. 4, 2019) (dismissing inmate's retaliation claim under § 1915(e)(2) in the absence of allegations supporting causal link between transfer and protected conduct, explaining "mere correlation does not unequivocally imply causation: courts have stressed that while temporal proximity between the protected conduct and the allegedly retaliatory act may provide indirect evidence of the defendant's motive to retaliate, *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004), it is usually coupled by other indicators of intent, such as a history of antagonism between the parties, *Watson v. Rozum*, 834 F. 3d 417, 422 (3d Cir. 2016), something notably absent here.")

## V.

In sum, because Plaintiff has failed to sufficiently allege the requisite second and third elements of a retaliation claim under the First Amendment against Defendants, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not

be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: August 22, 2019                        */s/ Elizabeth A. Preston Deavers*
                                               **ELIZABETH A. PRESTON DEAVERS**
                                               **CHIEF UNITED STATES MAGISTRATE JUDGE**